TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JASMIN YANG (Cal. Bar No. 255254)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8827
    Facsimile: (213) 894-7819
    Email: Jasmin.Yang@usdoj.gov

Attorneys for Real Party-Defendant in Interest
Marcia Fudge, Secretary of Housing and Urban Development

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re the Matter of the GARDNER TRUST DATED NOVEMBER 13, 2002, | Case No. CV 21-9852<br><br>NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[28 U.S.C. §§ 1442(a)(1) and 1444] |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1442(a)(1), the United States Attorney, on behalf of the real party-defendant in interest Marcia Fudge (the "Secretary"), in her official capacity as Secretary of Housing and Urban Development ("HUD"), hereby removes Temporary Restraining Order and related proceedings of the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to this Honorable Court. The grounds for this removal are as follows:

1. On November 1, 2021, HUD recorded a Notice of Default and Foreclosure Sale (the "Notice of Default") with the Los Angeles County Recorder's Office scheduling a nonjudicial foreclosure sale of real property located at APN 2245-019-022[1], Van Nuys, CA 91401 (the "Property") for November 30, 2021 at 11:00 a.m. A true and correct copy of the Notice of Default is attached hereto as Exhibit A.

2. On November 19, 2021, petitioner James A. Gardner ("Petitioner"), who alleges that he is the sole beneficiary of the Gardner Trust Dated November 13, 2002 (the "Trust"), filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") in the Los Angeles Superior Court, Probate Department ("Probate Court"). A copy of the Probate Court docket for is attached hereto as Exhibit B. A copy of all papers and pleadings filed in the Probate Court Docket is attached hereto as Exhibit C. The *Ex Parte* Application and supporting materials are located at Exhibit C at pages 87 to 200[2].

3. On November 29, 2021, the Probate Court entered a TRO, enjoining the non-judicial foreclosure sale of the Property, until at least January 12, 2022 and setting a hearing on an order to show cause for why a preliminary injunction should not issue for

---

[1] The street address of the Property has been redacted from the exhibits to comply with the Court's redaction rules.

[2] The page numbers referenced herein are the bates numbers located at the bottom right corner of the exhibits.

1

1  January 7, 2022 at 9:30 a.m. A copy of the Probate Court's TRO is attached is located at
2  pages 210-211 of Exhibit C.

3      4.    Notice of the Ex Parte Application for TRO and the TRO was not provided
4  to HUD or the United States Attorney.

5      5.    On February 17, 2006, a Deed of Trust encumbering the Property was
6  executed by Levi V. Gardner and Rose M. Gardner, husband and wife, as joint tenants,
7  as trustor, in favor of Seattle Mortgage Company as beneficiary and Northwest Trustee
8  Services, Inc. as trustee (the "Deed of Trust"). The Deed of Trust was recorded with the
9  Los Angeles County Recorder's Office on February 24, 2006 at document no. 06
10 0411224. This first Deed of Trust was insured by HUD pursuant to the National Housing
11 Act. 12 U.S.C. § 1715(z)-20. A copy of the Deed of Trust is attached hereto as Exhibit
12 D.

13     6.    On June 29, 2015, the Deed of Trust was assigned to the Secretary and
14 recorded on July 21, 2015, as Instrument No. 20150881814 in the Office of the County
15 Recorder, Los Angeles County, California. A true and correct copy of the Assignment of
16 Deed of Trust is attached hereto as Exhibit E.

17     7.    The Deed of Trust provides that the following are grounds for acceleration
18 of debt: (1) the death of a borrower and the Property is not the principal residence of at
19 least one surviving borrower; and (2) amounts owed under the Deed of Trust fail to be
20 paid. Exhibit D at 301. As a result of these events of default, HUD recorded the Notice
21 of Default on November 1, 2021. *See* Exhibit A, *supra.*

22     8.    This Court has original jurisdiction over this matter under 28 U.S.C. § 1331
23 (civil actions arising under the Constitution, laws, or treaties of the United States), and
24 other applicable authorities, including 28 U.S.C. § 2410 (foreclosure actions involving
25 the United States) and the Federal Priority Statute, 31 U.S.C. § 3713 ("A claim of the
26 United States Government shall be paid first when . . . the estate of a deceased debtor, in
27 the custody of the executor or administrator, is not enough to pay all debts of the
28 debtor.").

9. This Court has removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity…" to the district court embracing the place where the action is pending. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 142 (2007) (the "basic purpose" of section 1442(a)(1) is "to protect the Federal Government from the interference with its 'operations'."); *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 390 (6th Cir. 2007) (§ 1442(a)(1) "permits a federal agency to remove to federal district court without limitation"); *Thwaites Place Associates v. Sec'y of HUD*, 638 F.Supp. 301, 303 (S.D.N.Y. 1986) *aff'd sub nom*, 833 F.2d 1003 (2d Cir. 1986) ("a dispute regarding HUD's exercise of its rights regarding a federally insured mortgage" is removeable).

10. This Court also has removal jurisdiction pursuant to 28 U.S.C. § 1444, which permits removal for any action brought against the United States under 28 U.S.C. § 2410 (foreclosure actions involving the United States).

11. As the Notice of Default states, the Secretary is the holder of the Deed of Trust on the Property. *See* Exhibit A. As the holder of the Deed of Trust on the Property, the Secretary is the real party-defendant in interest herein. Moreover, as the real party-defendant in interest, the Secretary is entitled to remove this action. *See*, *e.g.*, *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96–97 (2d Cir. 2014) ("The unstated premise . . . is that the concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure"); *In re 3660 La Hacienda Drive, San Bernardino, California 92404*, 2017 WL 2190056, at *2 (C.D. Cal. May 17, 2017) (C.J. Phillips) (stating that courts "routinely construe" a "requirement that the Government be 'named a party in any civil action or suit' broadly[.]").

12. The Secretary intends to assert various defenses based on federal law,

3

including, among other things, that the Deed of Trust for the Subject Property arises from HUD's Home Equity Conversion Mortgages for Seniors ("HECM") program that decedents, Levi Gardner and Rose Gardner, entered into in 2006. The HECM program is a national loan insurance program under the National Housing Act, 12 U.S.C. § 1715z-20. Furthermore, the foreclosure process is pursuant to federal statute (National Housing Act & the Single Family Mortgage Foreclosure Act of 1994, 12 U.S.C. §§ 3751-3768) and federal regulation (24 C.F.R. Part 206 and 24 C.F.R. Part 27). As set forth in *Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-CV-01845-GMN, 2014 WL 4798565, at *5 (D. Nev. Sept. 25, 2014), appeal dismissed (Oct. 13, 2015):

> Under the Property Clause of the Constitution of the United States, only "Congress has the Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. Accordingly, title to United States' property can only be divested by an Act of Congress. *Beaver v. United States*, 350 F.2d 4, 8 (9th Cir. 1965). Moreover, '[s]tate legislation must yield under the supremacy clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs.' *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979). 'In this manner, the supremacy clause seeks to avoid the introduction of the disparity, confusion, and conflict which would follow if the Government's general authority is subject to local controls.' *Id*. (citing *United States v. Allegheny Cty., Pa.*, 322 U.S. 174, 183, 64 S. Ct. 908, 88 L.Ed. 1209 (1944)).

*Id*. at *5; *see also Rust*, 597 F.2d at 177 ("No basis in law exists for treating mortgage interests of federal instrumentalities differently from other property of the United States"). Congress enabled the Secretary's foreclosure commissioner to transfer title and possession of its properties and explicitly provides "no judicial

proceedings shall be required." 12 U.S.C. § 3763(a); *see also Collegium Fund, LLC v. Wells Fargo Bank, N.A.*, 2014 WL 4635607, at *3 (D. Nev. Sept. 15, 2014) (holding that "HUD's protected, federal interest in [] Property cannot be extinguished by a non-judicial foreclosure sale conducted by a private entity under state law").

13. The probate exception to federal court jurisdiction recognized in *Marshall v. Marshall*, 547 U.S. 293, 308-312 (2006) does not apply here because Congress has vested the Secretary with exclusive authority to dispose of real property like the Subject Property, i.e., property secured by mortgage interests owned by the Secretary under the HECM program. *See* 12 U.S.C. § 3751(b); *see also Markham v. Allen*, 326 U.S. 490, 494 (1946) ("it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" . . . ."); *F.T.C. v. J.K. Publications, Inc.*, 2009 WL 997421, at *3 (C.D. Cal. Apr. 13, 2009) (applying *Markham*).

14. Petitioner has not served the *Ex Parte* Application, the TRO, or any other filings on the Secretary, the United States Attorney's Office, and the United States Attorney General as required by Federal Rule of Civil Procedure 4(i). *See* Fed. R. Civ. P. 4(i)(2). Accordingly, the time for this case to be removed pursuant to 28 U.S.C. § 1446(b) has not begun to run and, thus, removal is timely. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (service must be complete before the 28 U.S.C. § 1446(b) time limits for removal begin to run).

15. Promptly after filing this notice, the Secretary shall give written notice of this removal to the parties and to the Clerk of the State Court. *See* 28 U.S.C. § 1446(d).

16. This Court is the proper district and division to hear this case because Petitioners brought this action in the Los Angeles Superior Court, Probate Division. *See* 28 U.S.C. § 1442(a).

17. Because this notice is filed on behalf of a federal agency, no bond is

5

required under the terms of 28 U.S.C. § 2408.

WHEREFORE, Defendant removes this action now TRO and related proceedings, including the hearing on the Order to Show Cause for Why a Preliminary Injunction Should Issue, currently set for January 7, 2022 at 9:30 a.m. in the Superior Court of the State of California for the County of Los Angeles, Case No. 21STPB10919, to the United States District Court for the Central District of California.

Dated: December 22, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  /s/ Jasmin Yang
JASMIN YANG
Assistant United States Attorney

Attorneys for Real Party-Defendant in Interest Marcia Fudge, Secretary of Housing and Urban Development